# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

TODD CURTIS MYERS,

      Petitioner,

v.

Warden: EDDIE MILES,

      Respondent.

Civil No. 10-3436 (RHK/JJK)

**REPORT AND
RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND[2]

In 1993, Petitioner entered into a plea agreement that resolved several criminal sexual conduct charges which were pending against him in the state district court for

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Petitioner provided very little information about the history of this case in his petition. Most of the background information reported here is derived from the Minnesota Court of Appeals' opinion in State v. Myers, No. A07-1576 (Minn.App. 2008), 2008 WL 4704850 (unpublished opinion), rev. denied, January 20, 2009.

Anoka County, Minnesota. Pursuant to that plea agreement, Petitioner was sentenced to two consecutive sentences of 86 months and 18 months. Both sentences were stayed, and Petitioner was placed on probation for fifteen years.

In 2007, Petitioner was accused of violating the terms of his probation, (for the fourth time). He was found guilty of the alleged probation violations, and his probation was revoked. The trial court ordered him to serve the sentences that were imposed in 1993, which previously had been stayed. The court also imposed a five-year term of conditional release.

Petitioner appealed the trial court's ruling, contending that (1) his probation was wrongly revoked, and (2) the conditional release component of his sentence was based on an erroneous implementation of his original plea agreement and apposite state sentencing laws. The Minnesota Court of Appeals rejected Petitioner's claims on the merits, and affirmed both the revocation of his probation and the accompanying sentence. State v. Myers, No. A07-1576 (Minn.App. 2008), 2008 WL 4704850 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's subsequent application for further review on January 20, 2009.

Petitioner filed his current habeas corpus petition on August 16, 2010. The petition presents only one ground for relief, which – repeated verbatim and in its entirety – is as follows:

> "The conditional release will exceed my mandatory maximum for my sentence by 25.5 months. The total time served and time of supervised release exceeds State mandatory maximum for my sentence, as shown in recent case law, and was not part of the plea agreement in 1993, it was not imposed until 2007 at the revocation hearing."

(Petition, [Docket No. 1], p. 4, § 12.)

The Court finds, however, that Petitioner's habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law. Therefore, the merits of Petitioner's claims will not be addressed, and the Court will recommend that this action be summarily dismissed.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

"**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when the judgment at issue "became final by the conclusion of direct review or the expiration of the time for seeking such review." The judgment at issue in this case is the 2007 judgment that caused Petitioner's probation to be revoked, and required him to serve his previously-stayed sentences and a term of conditional release. That judgment was upheld by the Minnesota Supreme Court on January 20, 2009. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Therefore, for purposes of § 2244(d)(1)(A), the judgment in this case became "final" on April 20, 2009 -- 90 days after the Minnesota

Supreme Court upheld the judgment on direct appeal. The statute of limitations expired one year later, on April 20, 2010.

However, Petitioner did not file his current habeas corpus petition until August 2010, which was several months after the statute of limitations expired. Therefore, the present petition is time-barred.

The Court notes that the tolling provisions of 28 U.S.C. § 2244(d)(2) cannot help Petitioner to overcome the untimeliness of his petition, because he has never applied for any post-conviction relief in the state courts. (Petition, p. 2, § 10.)

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox,

231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. <u>Id</u>.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.  It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred pursuant to 28 U.S.C. § 2244(d)(1).  The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is recommended that this action be dismissed with prejudice.[3]

---

[3]  Even if this case were not time-barred, it still would have to be summarily dismissed, because Petitioner's single claim for relief is not based on the federal Constitution.  Instead, Petitioner contends that the state courts misapplied the state's sentencing laws.  The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991).  <u>See</u> <u>also</u> <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per</u> <u>curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").  Because Petitioner's current habeas corpus petition does not present any claim based on the

**IV. CERTIFICATE OF APPEALABILITY**

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

**V. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

---

federal Constitution, this case would be summarily dismissed even if it were timely.

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated:  August 20, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 7, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.